EDWARD DAY *et al.*

*v.*

MARY WALLACE.

*Filed at Springfield, January* 18, 1893.

1. WILLS — *construed* — *devising the same land to different persons.* Where a testator in the several parts of his will devises the same land to different persons in fee, and there is nothing in the will to show that he intends the last named devisee to take to the exclusion of the first, the two devisees will take the land concurrently as tenants in common. In such case there is not such a clear and irreconcilable repugnancy between the two devises as to make the later one abrogate the prior one.

APPEAL from the Circuit Court of Sangamon county; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. PATTON & HAMILTON, for the appellants:

When a testator gives the same tract of land, first to A and then to B, without any word of exclusion, they will each take an undivided moiety thereof as tenants in common. 2 Jarman on Wills, 476 ; 1 Redfield on Wills (4th ed.), 449.

The Supreme Court of this State, in *Rountree* v. *Talbot et al.*, 89 Ill. 246, says:

"If two parts of a will are totally irreconcilable, the subsequent part is to be taken as evidence of a subsequent intention. But this rule is only adopted from necessity, to prevent the avoiding of both provisions for uncertainty. It is only applied in those cases where the intention of the testator can not be discovered, and where the two provisions are so totally inconsistent that it is impossible for them to coincide with each other or with the general intention of the testator."

In *Brownfield* v. *Wilson et al.*, 78 Ill. 467, it is said that a later clause of a will is to be considered when repugnant to a former provision, as intending to modify or abrogate the former; but that all of its parts should be considered together, and, if

possible, every clause and provision should be given effect. *Hamlin* v. *U. S. Ex. Co.*, 107 Ill. 443.

In *Siddons* v. *Cockrell et al.*, 131 Ill. 653, it is held that such a construction shall be given as shall give force and effect to every word and clause, and if a prior and a subsequent clause are repugnant, the prior clause shall be restrained or modified by the subsequent clause.

Applying this principle to this will, both clauses can stand. In other words, the eighth is restrained or modified by the ninth clause, so that Mrs. Wallace takes a share of the land, concurrently with the Day heirs.

Messrs. RICKS & CREIGHTON, and Messrs. DRENNAN & HO-GAN, for the appellee :

The intention of the testator must control, if not in contravention of law. In construction the whole will must be looked to to ascertain the intention. *Hamlin* v. *United States Express Co.*, 107 Ill. 443.

Testing the will by this rule the conclusion is irresistible that each of the clauses is a conveyance in fee of the land in question and the other lands described therein.

It is equally clear that the intention of the testator to thus give the entire fee to a single tract of land to two distinct devisees can not in law be carried out and give the effect to the clauses of the will their language, according to its usual meaning and interpretation, imports. We maintain that the two clauses are repugnant and inconsistent and can not stand together.

The court below adopted the view that the rule of construction declared by the Supreme Court of this State is that, in such cases, the later or ninth clause should be deemed the last expression of the testator, and control. *Brownfield* v. *Wilson et al.*, 78 Ill. 467; *Rountree* v. *Talbot et al.*, 89 id. 246; *Murfit* v. *Jessop*, 94 id. 158; *Hamlin* v. *United States Express Co.*, 107 id. 443 ; *Brownfield* v. *Wilson*, 78 id. 470.

17—144 ILL.

If two parts of a will are totally irreconcilable, the subsequent one is to be taken as a subsequent intention. *Rountree* v. *Talbot*, 89 Ill. 249 ; 2 Jarman on Wills, secs. 44, 472 ; 2 Blackst. Com., sec. 381 ; 1 Redfield on Wills, secs. 455, 451 ; *Hollens* v. *Coonan*, 9 Gill, 62 ; *Pratt* v. *Rice*, 7 Cush. 209.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

By the eighth clause of the last will of George Gregory, deceased, he devised to appellants two tracts of land, one of twenty acres, and the other of eighty acres. By the ninth clause of the same will, he devised to appellee two tracts also ; one of twenty acres, and the other of eighty acres. The eighty-acre tract in both clauses is the same. By her certain cross-bill in the court below, appellee alleged that the two clauses, in so far as they attempt to devise the same land, are irreconcilably repugnant to each other, and, therefore, the last must prevail, and she asked the court to decree her the said eighty-acre tract to the exclusion of appellants, and the prayer of her bill was granted. From that decree this appeal is prosecuted.

Appellants do not deny that said eighty-acre tract was devised twice, in the manner alleged in the bill, but they deny that the two clauses of said will are thereby rendered wholly and irreconcilably repugnant, within the meaning of the rule which gives effect to the later clause to the exclusion of the former, and insist that the rule of construction in such case is to give the land to the devisees in both clauses concurrently as tenants in common.

The authorities are not uniform on the subject, but the later and more generally approved rule seems to be as contended by appellants. In Jarman on Wills, vol. 2, p. 44, it is said:

" Sometimes it happens that the testator has, in several parts of his will, given the same lands to different persons in fee. At first sight this seems to be a case of incurable repugnancy, and, as such, calling for the application of the rule, which sacrifices the prior of two irreconcilable clauses, as the only

mode of escaping from the conclusion that both are void.
Even here, however, a reconciling construction has been
devised; the rule being in such cases, according to the better
opinion, that the devisees take concurrently. The contrary,
indeed, is laid down by Lord COKE, and other early writers,
who say that the last devise shall take effect; and a similar
opinion seems to have been entertained by Lord HARDWICKE,
though he admitted that, latterly, a different construction had
prevailed. The point underwent much discussion in *Sherrat*
v. *Bentley*, already stated; and Lord BROUGHAM, after reviewing
the authorities and fully recognizing the general doctrine, which
upholds the latter part of a will by the sacrifice of the former,
to which it was repugnant, considered that, consistently with
this rule, it might be held, that, where there are two devises in
fee of the same property, the devisees take concurrently. ' If,
in one part of a will,' he said, ' an estate is given to A, and
afterward the same testator gives the same estate to B, adding
words of exclusion, as 'not to A,' the repugnance would be
complete, and the rule would apply. But if the same thing be
given first to A, and then to B, unless it be some indivisible
chattel, as in the case which Lord HARDWICKE puts in *Ulrich* v.
*Litchfield*, the two legatees may take together without any vio-
lence to the construction.' It seems, therefore, by no means
inconsistent with the rule, as laid down by Lord COKE and
recognized by the authorities, that a subsequent gift, entirely
and irreconcilably repugnant to a former gift of the same thing,
shall abrogate and revoke it, if it be also held that where the
same thing is given to two different persons in different parts
of the same instrument, each may take a moiety; though, had
the second gift been in a subsequent will, it would, I appre-
hend, work a revocation."

Redfield, speaking on the same subject, says : " The more
rational, and perhaps the general, opinion at the present day is
that, where the same thing is given in the same will to two
different persons, they shall take jointly, either as joint tenants

or tenants in common, according to the terms of the devise or bequest." After referring to what was said by Lord BROUGH-MAN in *Sherrat* v. *Bentley,* quoted by Jarman as above, he adds: "We fully concur in his lordship's suggestions here, as every one must, we think, in regard to the reasonableness of the latter rule of construction, when it can be applied, as in the case of the devise of the same estate to different devisees, and we have no doubt it will generally be recognized as the true rule, and the one established by the authorities for the government of cases of this character. But, as well observed by the learned chancellor, in an after portion of his opinion, that is not a case of clear and irreconcilable repugnancy. But the testator having given the same estate to two persons, in different portions of his will, it is the same as if all the names had been united in one gift of the same estate." 1 Redfield on Wills, p. 443. The case of *McGuire* v. *Evans,* 5 Ired. Eq. 269, goes to the full extent of holding this doctrine, even as applied to a double bequest of indivisible property.

On the contrary, as said by Jarman, *supra,* authorities are not wanting holding the contrary construction. *Hollens* v. *Coonan,* 9 Gill, 62; *Covert* v. *Sebern et al.,* 35 N. W. Rep. 636 (Iowa).

The case is one of first impression in this State, and in the conflict of authority on this subject we are left free to adopt that rule which to us seems most reasonable and best calculated to effectuate the intention of the testator. Taking into consideration all the facts of this case proper to be considered, it is manifest that whatever presumption might otherwise arise in favor of the latter clause expressing that intention, rather than the former, is rebutted. In the first place it is clear from the two clauses that he intended to give appellants one hundred acres of land, and a like quantity to appellee. He owned at the time of making his will, and when he died, some two hundred and forty acres of land not disposed of by the will. Eighty acres of this undisposed of land was in the same section

as the eighty in question. It is, therefore, clear that, instead of changing his mind after making the first devise of the eighty-acre tract described in the will, either he or the person who wrote his will made a mistake in the description in one of the clauses. It is impossible to tell in which clause that mistake occurred. We know of no rule by which we are allowed to say it was made in the first, rather than in the last. We can conceive of no good reason why the consequences of such a mistake should be wholly visited upon appellants.

While it is true that an application of the rule laid down by the above named authors will not fully carry out the intention of the testator, it will come nearer accomplishing that purpose than the one insisted upon by appellee, and adopted by the court below. Certainly it does justice between the parties. Appellants and appellee should take said real estate as tenants in common, appellants taking one undivided half thereof and appellee the other.

We are of the opinion that the decree below is erroneous, and should be reversed, and the judgment of this court will be entered accordingly, and the cause will be remanded to the Circuit Court with directions to enter another decree conforming to the views herein expressed.

*Reversed and remanded.*